# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>JAMES H. ROWE, II,<br><br>          Petitioner. | No.  53890-3-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, C.J. – James Rowe II seeks relief from personal restraint resulting from the 2018 revocation of his community custody by the Indeterminate Sentence Review Board and the Board's setting of new minimum terms of confinement.  The Board had charged Rowe with three violations of the conditions of his community custody: (1) viewing pornographic material, (2) failing to successfully participate in sex offender treatment by accessing social media sites, and (3) failing to successfully complete sex offender treatment by being terminated from treatment on February 8, 2018.[1]  Rowe pleaded guilty to the violations, and the Board revoked his community custody.  The Board later set his new minimum term at 24 months and, in 2019, extended his minimum term by 18 months.

Rowe now argues that the Board erred in revoking his community custody because the following community custody condition is unconstitutionally vague:

> (17)  The defendant shall not use or possess any pornographic material as defined by the sexual deviancy treatment provider and the [community corrections officer].

Pet., Ex. 3 at 2.

---

[1] The Board had charged Rowe with a fourth violation, but dismissed it for lack of probable cause.

No. 53890-3-II

Regarding the Board's revocation of Rowe's community custody, we review the Board's decision for an abuse of discretion. *In re Pers. Restraint of Dyer*, 175 Wn.2d 186, 196, 283 P.3d 1103 (2012). Given that Rowe, who was represented by counsel, pleaded guilty to the three violations, including those not related to pornography, he fails to show that the Board abused its discretion in revoking his community custody.

Regarding the argument that condition 17 is unconstitutionally vague under *State v. Bahl*, 164 Wn.2d 739, 758, 193 P.3d 678 (2008), the State concedes that Rowe is correct and that condition 17 should be modified to make it constitutionally acceptable.

We grant Rowe's petition and remand to the trial court to modify community custody condition 17. We deny the remainder of his petition. We deny Rowe's request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

SUTTON, J.

GLASGOW, J.

2